UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0256 (PJS/FLN) |
| | Case No. 16-CV-3862 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| KELSEY JOY BINNER, | |
| Defendant. | |

Laura M. Provinzino, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Kelsey Joy Binner, defendant, pro se.

Defendant Kelsey Joy Binner moves under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence for aiding and abetting possession of child pornography. She contends that her "15 year Supervised Release violates [her] Constitutional Right to be free from cruel and unusual punishment." ECF No. 158 at 5. In support of her motion, Binner has filed a 52-page handwritten brief that consists largely of a description of the many misfortunes she has suffered during her life. At the conclusion of her brief, Binner asks the Court to "reduc[e] my probation to 5 years." ECF No. 158 Ex. 1 at 52.

Unfortunately for Binner, however, this challenge to the constitutionality of her supervised-release term was procedurally defaulted because she failed to raise it on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first

demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Binner has not even attempted to show cause and actual prejudice, and she makes no claim that she is innocent of the crime for which she was sentenced.

Even if Binner's challenge to the constitutionality of her term of supervised release had not been procedurally defaulted, the Court would reject the challenge on the merits. Binner's sentence—far from being cruel or unusual—was extraordinarily lenient. The United States Sentencing Guidelines recommended that Binner receive a prison sentence of between 78 and 97 months and a term of supervised release of between 5 years and life. In large part because of the many hardships that Binner describes, the Court sentenced her to 24 months in prison and 15 years of supervised release. Binner has not cited any authority that even remotely suggests that her sentence violated the Eighth Amendment.[1]

---

[1] As an aside, the Court notes that Binner's motion ignores the fact that "the history and characteristics of the defendant" is merely one factor that a judge must take into account in sentencing a defendant. 18 U.S.C. § 3553(a)(1). The judge is also required to take into account (among many other things) the need to protect the public from further crimes of the defendant. *Id.* at § 3553(a)(2)(C). The fact that Binner suffers from serious mental illness may reduce her culpability, but, at the same time, it may also increase the need to ensure that she gets long-term treatment and that the public is protected from her—goals that are furthered by a lengthy term of supervised release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The motion to vacate, set aside, or correct the sentence of defendant Kelsey Joy Binner [ECF No. 158] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 15, 2016    s/Patrick J. Schiltz
                            Patrick J. Schiltz
                            United States District Judge